[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14501
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-20415-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY VICTOR REVSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 28, 2010)

Before EDMONDSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Gregory Victor Revson appeals from his sentence, which was imposed following his convictions for two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and one count of making a false statement in a passport application, in violation of 18 U.S.C. § 1542. On appeal, he argues that the district court's sentence was procedurally unreasonable because, in deciding that his sentences for his two aggravated identity theft convictions should run consecutively to each other, the court failed to adequately consider the factors set forth in the commentary to U.S.S.G. § 5G1.2. Addressing these factors, Revson emphasizes that his underlying offenses for passport fraud were groupable under U.S.S.G. § 3D1.2, and that his offenses were not violent. He contends that his sentence was procedurally unreasonable also because the court failed to adequately consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Finally, Revson makes various arguments directed to the substantive reasonableness of his sentence. For the reasons set forth below, we affirm.

## I.

A federal grand jury indicted Revson for the following offenses: (1) making a false statement in a passport application for the purpose of obtaining the passport, in violation of 18 U.S.C. § 1542 ("Counts 1 and 3"); (2) unlawfully possessing and using another individual's means of identification during and in relation to a felony

2

violation of § 1542, in violation of 18 U.S.C. § 1028A ("Counts 2 and 4"); and (3) attempting to use a United States passport that was obtained by reason of making a false statement, in violation of § 1542 ("Count 5").

Revson and the government entered into a plea agreement, whereby Revson agreed to plead guilty to Counts 2 through 4 of the indictment, and the government agreed to dismiss Counts 1 and 5. In accordance with the plea agreement, Revson pled guilty to Counts 2 through 4, and the court accepted his plea.

In the presentence investigation report ("PSI"), the probation officer explained that Revson's convictions stemmed from his use of the identities of two deceased individuals to obtain fraudulent U.S. passports and Florida drivers licenses. After using the information on these individuals' birth certificates to obtain passports and drivers licenses, Revson used one of these identities to purchase a motorcycle and open bank accounts, and the other identity to obtain a credit card and incorporate a business. In addition, Revson also entered into a marriage under one of these identities, and later used the same identity to petition for his wife to become a U.S. citizen. After his arrest, Revson admitted to authorities that he had obtained similar identification information for other deceased individuals, and sold this information to others for the purpose of obtaining fraudulent documents. A "thumb" or "flash" drive that was in Revson's

3

possession at the time of his arrest contained identity information for over 100 deceased individuals.

The probation officer found that, based on Revson's total offense level of 10 and criminal history category of V, his guideline range was 21 to 27 months' imprisonment for Count 3. As to Counts 2 and 4, the officer noted that, pursuant to 18 U.S.C. § 1028A, Revson was required to serve a statutory mandatory term of two years' imprisonment, to run consecutively to any other term of imprisonment imposed. In reviewing Revson's criminal history, the probation officer noted that, in 1994, Revson was convicted for filing 227 false income tax returns by using fictitious information. Revson created false identification documents in order to carry out this offense. The officer also noted that, in 1999, Revson was convicted for using a false identity to rent a car and purchase consumer goods. Additionally, in 2001, Revson was convicted for identity theft in connection with a scheme whereby he filed 614 false income tax returns under the names and social security numbers of various inmates. As part of this scheme, Revson and his codefendant created a fictitious company and manufactured fictitious W-2 earning statements for the inmates, who they listed as employees of the company. Revson was on supervised release for this offense and another offense at the time he committed the present offense.

Revson filed written objections to the PSI, arguing that his offenses did not cause any harm to his victims because they were deceased. Revson also filed a sentencing memorandum, in which he urged the court to order that his sentences as to Counts 2 and 4 should run concurrently with each other. In support of this argument, Revson asserted that his conduct did not cause the type of economic harm contemplated by § 1028A, and that his criminal history was already reflected in his guideline range. Revson also filed a written personal statement with the court, in which he expressed his remorse for his offense and his desire to reform.

At sentencing, the court noted that Revson's guideline range was 21 to 27 months' imprisonment, with a statutory mandatory consecutive 24-month sentence for his convictions under § 1028A. The court and the probation officer discussed the fact that the aggravated-identity-theft guideline, U.S.S.G. § 2B1.6, provides that it lies within the court's discretion to determine whether a defendant's sentences for multiple § 1028A convictions should run concurrently with each other. The court and the probation officer also noted that the commentary to § 5G1.2 provides guidance to the court in making this determination. The court, the U.S. Probation Office, and Revson agreed that the commentary to § 5G1.2 directed the court to consider the nature of the underlying offenses, as well as whether the underlying offenses, in this case passport fraud, were groupable under

5

§ 3D1.2. They further agreed that, had Revson pled guilty to both of the counts of passport fraud set forth in Counts 1 and 3 of the indictment, these two underlying offenses would be groupable under § 3D1.2.

Addressing the factors set forth under § 5G1.2, the government argued that Revson's sentences for his § 1028A conviction should run consecutively to each other in light of his lengthy history of using false identities. The government emphasized the fact that Revson had possessed a thumb drive containing a vast amount of identity information at the time of his arrest. In addition, the government contended that the fact that Revson had used the identities of deceased individuals reflected that his methods had become more sophisticated.

Revson reasserted the arguments in his sentencing memorandum, and also pointed out that, while he obtained credit cards under fraudulent identities, he regularly paid off the balances on these cards. In mitigation of his sentence, Revson made a personal statement to the court, in which he apologized for his conduct and expressed his desire to abstain from such behavior in the future.

The court noted that, when Revson was sentenced in federal court in 2001 for filing fraudulent income tax returns, he had informed the court that he was sorry for his crime, and made a promise that he would never again violate the law. The court found that it was apparent that Revson's subsequent behavior did not

conform with this statement.  The court further found that Revson had repeatedly

engaged in fraudulent conduct.  The court stated:

> The nature of the offense and the characteristics of this defendant
> make it very clear to me that a maximum sentence is the only
> appropriate sentence in this case, and that is after taking into
> consideration all of the other factors that are contained in 3553(a),
> which essentially are outweighed by the defendant's appalling
> criminal history, appalling callousness, and complete lack of remorse.
> He may express remorse, but it is obvious to me that it is not sincere.

The court sentenced Revson to a term of 27 months' imprisonment as to

Count 3, and to two consecutive terms of 24 months' imprisonment as to Counts 2

and 4, for a total sentence of 75 months' imprisonment.  The court asked the

parties if there were any objections to its sentence or the manner in which it was

imposed, and Revson objected that the appropriate sentence was the one he

suggested in his sentencing memorandum.

## II.

After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621

(2005), the Guidelines are advisory in nature, and "a sentence may be reviewed for

procedural or substantive unreasonableness."  *United States v. Hunt*, 459 F.3d

1180, 1181-82 & n.3 (11th Cir. 2006).  We review a defendant's sentence for

reasonableness.  *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169

L.Ed.2d 445 (2007); *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005).

7

Review for reasonableness is deferential. *Talley*, 431 F.3d at 788. The reasonableness of a sentence is reviewed under an abuse-of-discretion standard regardless of whether the sentence imposed is inside or outside a defendant's guideline range. *United States v. Pugh*, 515 F.3d 1179, 1189-90 (11th Cir. 2008) (citing *Gall*, 552 U.S. at 51, 128 S.Ct. at 597). Under the abuse-of-discretion standard, we will reverse only if the district court made a clear error of judgment in weighing the § 3553(a) factors. *Id.* at 1191.

A sentence is procedurally unreasonable if the district court failed to calculate or incorrectly calculated the Guidelines, treated the Guidelines as mandatory, failed to consider the factors set forth in 18 U.S.C. § 3553(a), selected a sentence based on clearly erroneous facts, or failed to explain adequately the chosen sentence. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. Section 3553(a) provides that district courts imposing a sentence must consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (3) the kinds of sentences available.

18 U.S.C. § 3553(a)(1)-(3). In addition, the court should also consider the

Sentencing Guidelines range, pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(4)-(7). While the record should reflect that the district court adequately considered the § 3553 factors, the court is not required "to recite a laundry list of the § 3553(a) factors," or discuss each of the § 3553(a) factors. *United States v. Scott*, 426 F.3d 1324, 1329-30 (11th Cir. 2005). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (quotation omitted).

Pursuant to U.S.S.G. § 2B1.6, the guideline for aggravated identity theft, the guideline sentence for a conviction under 18 U.S.C. § 1028A is that prescribed by the statute. U.S.S.G. § 2B1.6. Pursuant to 18 U.S.C. § 1028A(a)(1), a defendant convicted under this statute is required to serve a term of two years' imprisonment, which should run consecutively to any term of imprisonment imposed for another offense. 18 U.S.C. § 1028A(a)(1). The commentary to § 2B1.6 provides that, where a defendant has multiple convictions under § 1028A, the district court has discretion to determine whether these sentences should run concurrently with each other. U.S.S.G. § 2B1.6, comment. (n.1(B)). This commentary directs the court to consult the commentary to U.S.S.G. § 5G1.2 for guidance in making this

9

determination. *Id.* Section 5G1.2, in turn, generally addresses sentencing for multiple counts of conviction. *See generally* U.S.S.G. § 5G1.2. The commentary to this guideline provides:

> In determining whether multiple counts of 18 U.S.C. § 1028A should run concurrently with, or consecutively to, each other, the court should consider the following non-exhaustive list of factors:
>
> (i) The nature and seriousness of the underlying offenses. For example the court should consider [whether] . . . an underlying offense for one of the 18 U.S.C. § 1028A offenses is a crime of violence or [an act of terrorism].
>
> (ii) Whether the underlying offenses are groupable under § 3D1.2 (Groups of Closely Related Counts). Generally, multiple counts of 18 U.S.C. § 1028A should run concurrently with one another in cases in which the underlying offenses are groupable under § 3D1.2.
>
> (iii) Whether the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2) are better achieved by imposing a concurrent or a consecutive sentence for multiple counts of 18 U.S.C. § 1028A.

U.S.S.G. § 5G1.2, comment. (n. 2(B)). We have held that a district court may, based on the seriousness of the defendant's offenses, order that a defendant's sentences for multiple convictions under § 1028A run consecutively to each other, even though the defendant's underlying offenses were groupable under § 3D1.2. *United States v. Bonilla*, 579 F.3d 1233, 1237, 1244-45 (11th Cir. 2009).

Here, the district court did not abuse its discretion by failing to adequately

10

consider the commentary to § 5G1.2 or the § 3553(a) sentencing factors. The court acknowledged that the commentary to § 5G1.2 provides guidance in determining whether a defendant's sentences for multiple § 1028A convictions should run concurrently with each other. In addition, the court discussed the factors set forth in this commentary, noting that Revson's underlying passport fraud offenses were groupable, and considering whether the purposes of sentencing, such as deterrence, would be met if Revson received concurrent sentences. While Revson's underlying passport-fraud offenses were groupable under § 3D1.2, the Guidelines provide that such a defendant may still receive consecutive sentences for multiple § 1028A convictions. Moreover, the district court possessed discretion to find that this factor was outweighed by the seriousness of Revson's offenses and history of committing fraudulent offenses. Although Revson emphasizes that his offense did not involve violence or an act of terrorism, this constituted only one advisory factor for the court to consider. It was within the district court's purview to consider whether the purposes of sentencing, including deterrence and the need to protect the public, were better served by concurrent or consecutive sentences.

The district court also more than adequately considered the § 3553(a) factors. The court discussed the nature and extent of Revson's criminal history. The court also considered the fact that Revson expressed remorse for his offense,

11

and balanced this statement against Revson's recidivism. Significantly, the court expressly stated that it had considered all of the § 3553(a) factors in selecting Revson's sentence.

To the extent that Revson contends that the district court abused its discretion under § 3553(a) by failing to give due weight to the fact that his offenses did not cause financial harm to individuals, his argument lacks merit. Revson does not point to any guideline or precedent indicating that, in weighing the § 3553(a) factors, a court should treat the amount of financial harm caused by a defendant's identity theft as a key factor. In addition, the court had discretion to determine the amount of weight to accord to factors such as Revson's criminal history and the need for deterrence.

### III.

"[A] sentence may be substantively unreasonable, regardless of the procedure used." *Hunt*, 459 F.3d at 1182 n.3. The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of [the] record and the factors in section 3553(a)." *Talley*, 431 F.3d at 788. We have recognized that "there is a range of reasonable sentences from which the district court may choose." *Id.* Where the court imposes a sentence that is within the guidelines range, we ordinarily expect that sentence to be reasonable. *Id.*

To the extent that Revson argues that his sentence is substantively unreasonable, this argument also lacks merit. Revson's 75-month sentence was within his guideline range; thus, the sentence is accorded an expectation of reasonableness. Moreover, Revson fails to meet the burden of establishing that his sentence was unreasonable in light of his lengthy history of committing fraud, and the fact that he possessed hundreds of stolen identities at the time of his arrest. Moreover, it bears noting that Revson demonstrated disrespect for the law by committing the present offenses while he was on supervised release in connection with his conviction for another fraudulent offense.

**AFFIRMED.**